## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Wisconsin |
|---|---|

| Name (under which you were convicted): Marvin Anthony | Docket or Case No.: 16-CF-3333 |
|---|---|

| Place of Confinement : Sanger B. Powers Correctional Center | Prisoner No.: 51560 |
|---|---|

| Petitioner (include the name under which you were convicted) Marvin Anthony | v. | Respondent (authorized person having custody of petitioner) Stephanie Cummings |
|---|---|---|

| The Attorney General of the State of Wisconsin |
|---|

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
Circuit Court of Milwaukee County

(b) Criminal docket or case number (if you know):    16-CF-3333

2.    (a) Date of the judgment of conviction (if you know):  11/11/2016

(b) Date of sentencing:    2/3/2017

3.    Length of sentence:    10 Years Incarceration and 10 Years Extended Supervision

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
Count 1: Homicide by Negligent Operation of Vehicle

Count 2: Knowingly Operating While Suspended Causing Death

Count 3: Homicide by Negligent Operation of Vehicle

Count 4: Knowingly Operating While Suspended Causing Death

6.    (a) What was your plea? (Check one)

☐ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

☑ (2)    Guilty        ☐ (4)    Insanity plea

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

## (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## Instructions - Read Carefully

1.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.   You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.   This petition must be legibly handwritten or typewritten.

4.   You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.   Answer all the questions. No citation of authorities need be furnished. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.   You must pay the filing fee of $5. If you cannot pay the fee, you must fill out a motion to proceed *in forma pauperis* (as a poor person). A sample copy of the motion is attached. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that you have in any account in the institution.

7.   Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different judges or divisions entered in the same district or in different districts, you must file separate petitions as to each such judgment.

8.   When you have completed the form, send the original and two identical copies to the Clerk of the United States District Court at this address:

> Clerk, U. S. District Court
> Western District of Wisconsin
> 120 N. Henry St., Room 320
> Madison, WI 53703

Retain a copy of the petition for your own records.

9.   CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

(5) Citation to the case (if you know):     Unknown

(6) Grounds raised:

Petitioner is entitled to an evidentary hearing on his motion to withdraw his plea because the alleged facts, which, if true, entitle him to relief.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Circuit Court of Milwaukee County

(2) Docket or case number (if you know):     2016-CF-3333

(3) Date of filing (if you know):     10/14/2022

(4) Nature of the proceeding:     Motion for Plea Withdrawal Under 974.06

(5) Grounds raised:

Anthony was a passenger in a car that violated traffic laws and caused an auto accident in which two people were killed. The actual driver, Devante J. Fells, told Anthony that if he did not admit to being the driver, Fells would kill Anthony and shoot up his house. Anthony gave the police a statement that he was the driver. Then a DNA report came back from the state crime lab saying that the DNA of Devante J. Fells was on the driver's airbag and the DNA of Anthony was not on the driver airbag. Anthony was 18 years old and had a math and reading level of a lower level grad schooler and had been in special education classes all his life. Anthony did not understand the significance of the DNA finding and his lawyer never explained the importance of DNA. The lawyer told him that he should plead guilty to all 4 counts because he already confessed to the police and he would get less time if he pled guilty. Anthony pled guilty and was sentenced to 10 years incarceration and 10 years extended supervision.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:

(8) Date of result (if you know):     4/5/2023

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?
Pled guilty to all 4 counts

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury  ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Wisconsin Court of Appeals District 1

(b) Docket or case number (if you know):   2023-AP-1123

(c) Result:   Appeal Denied

(d) Date of result (if you know):   7/15/2025

(e) Citation to the case (if you know):   State of WI Plaintiff-Respondent v. Marvin Anthony Defendant Appellant

(f) Grounds raised:

Anthony is entitled to an evidentary hearing on his motion to withdraw plea because he alleged specific, non-conclusory facts which entitled him to relief

(g) Did you seek further review by a higher state court?   ☑ Yes  ☐ No

If yes, answer the following:

(1) Name of court:   Wisconsin Supreme Court

(2) Docket or case number (if you know):   2023-AP-1123

(3) Result:  The petition for review was dismissed because it was filed one day late. It was supposed to be filed 30 days after the denial in the Court of Appeals as stated in attached motion for relief. It was filed approximately 9 hours late due to the legal secretary attempting to file in the Supreme Court. My understanding now is that the Supreme Court filing is only for new cases and not for appeals from the lower court. The motion for relief and the ruling by the Supreme Court are attached hereto.
(4) Date of result (if you know):   9/24/2025

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition: ☐ Yes ☑ No

      (2) Second petition: ☐ Yes ☐ No

      (3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
The Wisconsin Supreme Court dismissed the petition for review because it was 9 hours late. It was late due to the secretary's inability to file the petition from 10 pm - 12 am the night before.

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel advised Anthony to plead guilty even though the DNA of Devonte Fells on the driver's airbag and Anthony's DNA was not on the driver's airbag and that proved that Fells was driving. Trial counsel should not have advised Anthony to plead guilty as opposed to going to trial. At trial, Anthony could have explained his confession by explaining the coercion of Fells, and the fact that Fells DNA was on the driver's airbag and Anthony's was not. Anthony's anticipated trial testimony was that he only confessed to the crime because of coercion by Fells. Trial counsel was ineffective for advising Anthony to plead guilty and appellant counsel was ineffective for stating she would file a no-merit appeal prior to being fired by Anthony.

(b) If you did not exhaust your state remedies on Ground One, explain why:

A motion for a new trial was made in the Circuit Court and denied. That decision was appealed to the Court of Appeals which sustained the Circuit Court and teh petition for the Supreme Court was ready to be filed two hours prior to the 30 day deadline on September 4, 2025, but the secretary was unable to file the petition prior to 12 am The next morning she found out what she was doing wrong and filed it immediately. The Supreme Court would net accept the petition for review but that motion was denied.

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑   Yes    ❑  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

## GROUND TWO:

The Circuit Court erred when it did not give Anthony a hearing on his 974.06 Motion. The court denied the motion without a hearing on the basis that Anthony only offered conclusions and not facts. Anthony offered DNA evidence to show that Fells and not Anthony was driving at the time of the car crash. Fells told the police he was never in the Audi on the day of the accident. Fells failed a polygraph when he claimed he was not driving at the time of the accident. In Anthony's affidavit filed with the 974.06 Motion. Anthony said he was threatened by Fells and that explains his confession to the police. Anthony was a special ed student and did not understand the significance of the DNA evidence and trial counsel never explained that significance to him. He told post-conviction counsel what happened and that he wished to withdraw his plea but post-conviction filed a no-merit appeal and was dismissed by Anthony. Even though the above facts were presented in the motino to the Circuit Court, the 974.06 Motion was denied without a hearing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This matter was appealed to the Wisconsin Court of Appeals. The Wisconsin Supreme Court dimissed the appeal because of late filing.

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

There was no direct appeal. The defendants, pro se, asked for many extensions in Court of Appeals. The Court of Appeals finally dismissed the direct appeal and told Anthony to file a 974.06 Motion.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     974.06

Name and location of the court where the motion or petition was filed:
Circuit Court of Milwaukee County

Docket or case number (if you know):     2016-CF-333

Date of the court's decision:    4/5/2023

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal was filed. Anthony did not have an attorney and asked for many extensions of time to fil
the brief suppporting the appeal. However, the Court of Appeals denied his final request for extension of
time to file a brief in direct appeal. However, in that denial the Court of Appeals advised Anthony to file a
974.06 Motion

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    974.06 Motion

Name and location of the court where the motion or petition was filed:

Circuit Court of Milwaukee County

Docket or case number (if you know):    2016-CF-3333

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

State of Wisconsin Court of Appeals District 1

Docket or case number (if you know):    2023-AP-001123

Date of the court's decision:    7/15/2025

Result (attach a copy of the court's opinion or order, if available):

Petition for Review was dismissed for being late.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petition for Review was submitted to the Wisconsin Supreme Court but was dismissed because it was 9
hours late.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☐   Yes     ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Result (attach a copy of the court's opinion or order, if available):
The Circuit Court denied the 974.06 Motion without a hearing.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
State of Wisconsin Court of Appeals District 1

Docket or case number (if you know): 2023-AP-001123

Date of the court's decision: 7/15/2025

Result (attach a copy of the court's opinion or order, if available):
Copy attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Case was appealed to the Wisconsin Court of Appeals but Petition for Review to the Supreme Court was dismissed because of a late filing.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

None

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)　　**Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?　　❑ Yes　　❑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❑　Yes　　❑　No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Mark Pecorah (his address)

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

Chris Bailey (add address)

(f) In any post-conviction proceeding

Robert N. Meyeroff Law Office, 633 W. Wisconsin Ave., Suite 605 Milwaukee, WI 53203-1925

(g) On appeal from any ruling against you in a post-conviction proceeding:

Rex Anderegg P.O. Box 170258, Milwaukee, WI, 53217-8021

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I. Marvin Anthony. am still in prison. My appeal to the Wisconsin Court of Appeals was denied on July 15, 2025. I filed a Motion for Reconsideration which was denied on August 5. 2025. I then filed a Petition for Review in the Wisconsin Supreme Court on September 5, 2025. The Petition for Review was dismissed as being one day late.

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☑ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

        All grounds were presented to the Supreme Court but the Supreme Court dismissed the Petition for Review because of late filing.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

sending this case back to the Circuit Court of Milwaukee County with directions taht Anthony be afforded a Machner hearing

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

*Robert Meyers*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.