**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MARVIN ANTHONY,**

**Petitioner,**

**v.** **Case No. 26-CV-696**

**STEPHANIE CUMMINGS,**

**Respondent.**

---

## DECISION AND ORDER

---

In May 2016, Marvin Anthony drove an Audi SUV through a stop sign at a high rate of speed, colliding with a Hyundai. *State v. Anthony*, 2025 WI App 54, ¶ 2, 418 Wis. 2d 355, 26 N.W.3d 127, 2025 Wisc. App. LEXIS 606. Two passengers in the Hyundai—an adult and a child—were ejected from the vehicle and died as a result. *Id.*

Anthony pled guilty to two counts each of homicide by negligent operation of a motor vehicle and knowingly operating while suspended causing death. (ECF No. 1 at 1.) He now asserts that he was the passenger. It was only because the driver threatened to kill him and shoot up his home that he said he was the driver. (ECF Nos. 1 at 3; 9 at 1.)

In his present petition for a writ of habeas corpus, Anthony argues that his trial counsel was ineffective for advising him to plead guilty. (ECF No. 1 at 5.) He

also challenges the circuit court's decision to deny his motion for postconviction relief without a hearing. (ECF No. 1 at 7.)

The respondent has moved to dismiss his petition. (ECF No. 5.) The respondent argues, "The Petition is untimely, Ground One is doubly defaulted, and Ground Two is both defaulted and incognizable." (ECF No. 6 at 1.)

Timeliness has been a consistent problem for Anthony, particularly since he retained Attorney Robert Meyeroff to represent him on appeal. Indeed, Anothony concedes that his petition is untimely. (ECF No. 9 at 5.) Anthony had one year from his conviction becoming final in which to file a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A). Anthony fired his appointed appellate counsel and filed 19 extensions of time pro se. It was not until the court of appeals said it would not grant any further extensions that he retained Meyeroff. The court of appeals granted a twentieth extension necessitated by procedural hiccups, but when Meyeroff sought a twenty-first extension of time, the court of appeals denied the motion. (ECF No. 6-2.) Thus, Anthony's conviction became final on December 2, 2021.

That one-year clock stopped on October 14, 2022, when Anthony filed a motion for post-conviction relief under Wis. Stat. § 974.06. (ECF No. 6-3); 28 U.S.C. § 2244(d)(2). At that point, 316 days had elapsed and he had roughly 49 days remaining on the one-year clock.

The circuit court denied Anthony's motion. It then denied Anthony's motion for reconsideration, finding that Meyeroff filed that motion a day late. Following the circuit court's denial of that motion, Anthony appealed, and the court of appeals

affirmed on July 15, 2025. (ECF No. 6-4.) Anthony then had until September 4, 2025, in which to seek review by the Wisconsin Supreme Court. (ECF No. 6-5.) Anthony did not seek review until September 5, 2025. (ECF No. 6-5.) The Wisconsin Supreme Court found his petition untimely, and therefore the one-year clock again began to run when the time for seeking further review of the court of appeals' decision expired. *See* 28 U.S.C. § 2244(d)(1). Thus, the one-year clock began to run on September 5, 2025, and his petition was due no more than 49 days later. Yet it was not until April 21, 2026, roughly six months too late, that Meyeroff filed the present petition on Anthony's behalf.

The respondent moved to dismiss Anthony's petition on May 19, 2026. (ECF No. 5.) Anthony's response was due 28 days later. (ECF No. 2.) It was not until July 22, 2026—64 days later—that Meyeroff filed Anthony's response. (ECF No. 9.) Meyeroff states that he "did not note the filing of Respondent's motion and brief" and it was not until Anthony asked Meyeroff the status of the case that Meyeroff recognized his error. (ECF No. 8.)

Independent of the untimeliness of his present petition, the untimeliness of Anthony's petition to the Wisconsin Supreme Court poses a separate problem. By failing to timely file a petition for review, Anthony failed to exhaust his state court remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *Davila v. Davis*, 582 U.S. 521, 527 (2017).

Moreover, when a state court denies a claim "on an adequate and independent state law ground," the federal court generally will not then consider the claim in a habeas petition. *Wilson v. Cromwell*, 58 F.4th 309, 317 (7th Cir. 2023). One such adequate and independent state law ground is what is commonly referred to as Wisconsin's *Allen* rule or the *Allen* standard. *Id.* at 317-18 (discussing *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433); (ECF No. 1-1 at 6). The rules states, "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *Allen*, 2004 WI 106, ¶14. "[A] postconviction motion for relief requires more than conclusory allegations." *Id.* at ¶15.

The circuit court found (and the court of appeals agreed) that Anthony's motion for post-conviction relief failed to offer anything more than conclusory allegations that his trial counsel was ineffective. Thus, because the state court denied his claim of ineffective assistance of counsel for adequate and independent state law grounds, a federal court ordinarily cannot consider the claim in a habeas petition. *See Wilson*, 58 F.4th at 318.

In arguing that his numerous defaults should be excused, Anthony contends that he is actually innocent. *See Wilson*, 58 F.4th at 319. Anthony asserts that he was driving the Audi when he picked up Devante[1] Fells, who insisted on driving. (ECF No. 9-1, ¶¶ 1-2.) Anthony moved to the passenger seat, and it was Fells who sped

[1] In his affidavit, Anthony spells Fells's first name Davante (ECF No. 9-1, ¶ 1) and Devante (ECF No. 9-1, ¶ 2).

away, ran through the stop sign, and crashed into the Hyundai. (ECF No. 9-1, ¶¶ 2-3.) Anthony and Fells fled, but Anthony returned to get his phone. (ECF No. 9-1, ¶ 4.) As Anthony and Fells hid behind a garage, Fells told Anthony that if they were caught and Anthony did not say he was the driver, Fells would kill him and shoot up his mother's house. (ECF No. 9-1, ¶ 5.) Anthony later turned himself in and was released. (ECF No. 9-1, ¶ 6.) Anthony subsequently told police and his attorney that he was the driver. (ECF No. 9-1, ¶¶ 8-9.) DNA testing showed that Fells's DNA was on the driver's side airbag. (ECF No. 9-1, ¶ 10.) When questioned by police, Fells denied having ever been in the car. (ECF No. 9-1, ¶ 17.)

Anthony argues that "there is good cause to believe he is innocent of the crime for which he is convicted." (ECF No. 9 at 5.) However, it requires substantially more than good cause to excuse procedural default. The petitioner must point to new credible and reliable evidence that demonstrates that it is more likely than not that no reasonable juror would have convicted him. *Wilson*, 58 F.4th at 320 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This requires more than merely proof of reasonable doubt; the new facts taken together must be so compelling that no reasonable juror could find him guilty. *Id.* (quoting *Schlup*, 513 U.S. at 329). This is a "demanding" standard, *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013), reserved for "truly extraordinary" cases, *House v. Bell*, 547 U.S. 518, 537 (2006) (internal quotation marks omitted).

The DNA evidence is not newly discovered. The prosecutor referred to the DNA evidence and the complications it posed for the state's case as a reason the state

agreed to the resolution Anthony received. (ECF No. 6-3 at 2.) And Anthony acknowledges that his attorney told him of the DNA evidence before he pled guilty. (ECF No. 9-1, ¶ 10.) But to open the actual innocence gateway through procedural default, evidence need not be newly discovered but only new in the sense that it was not presented to the finder of fact. *See Arnold v. Dittmann*, 901 F.3d 830, 836-37 (7th Cir. 2018) ("evidence must also be new in the sense that it was not before the trier of fact"); 28 Moore's Federal Practice -- Criminal Procedure § 671.11.

Fells's DNA on the driver's side airbag does not establish that Fells was the driver. Fells may have been a passenger and his DNA could have been deposited on the driver's side airbag as a result of the violent collision, him extricating himself from the wreckage, or his return to vehicle following the crash. That Anthony's DNA was not identified on the driver's side airbag similarly does not prove that he was not the driver. For various reasons, a driver's DNA might not be detected in a post-crash swab of the driver's side airbag. *Cf. Monahan v. Olson*, No. 19-cv-414-wmc, 2024 U.S. Dist. LEXIS 644, at *8 (W.D. Wis. Jan. 2, 2024) (discussing DNA on a driver's side airbag that was probative but inconclusive evidence as to who was driving at the time of a crash). But Anthony overlooks that a mixture of DNA from two males was found on the driver's side airbag. Although Anthony was excluded as the primary source of that mixture (and Fells identified as the source) as to the secondary component, Anthony could not be ruled out (nor conclusively matched).

That Anthony was the driver was supported by the statement of a witness who saw the occupants flee the Audi. (ECF No. 1-1 at 2.) The clothing description she

provided of the driver matched the clothing that Anthony was recorded wearing. (ECF No. 1-1 at 2.) And then, of course, is the fact that Anthony repeatedly admitted to being the driver. A reasonable juror need not credit his post-conviction assertion that he confessed only because he feared Fells.

Because Anthony has failed to demonstrate that it is more likely than not that no reasonable juror would convict him, he has failed to excuse any of his numerous procedural defaults. Accordingly, the court finds that his petition is untimely and his claims, insofar as they are cognizable, unexhausted and procedurally defaulted.

Finally, under Rule 11 of the Rules Governing Section 2254 Case, the court must decide whether to issue a certificate of appealability. The court may grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court denies a petition on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485. Anthony's claim of actual innocence falls far short such that jurists of reason would not find it debatable whether he has overcome his multiple procedural defaults. Accordingly, the court will deny a certificate of appealability.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 5) is **granted**. The petition and this action are **dismissed**. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the petitioner's motion to file his response instanter (ECF No. 8) is **granted**.

Dated at Green Bay, Wisconsin this 9th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge